

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 16364430**
**Date Processed: 03/14/2017**

| | |
|---|---|
| Primary Contact: | Justin Walker<br>PHH Mortgage Corporation<br>1 Mortgage Way<br>Floor 3 Mail Stop LGL<br>Mt. Laurel, NJ 08054 |
| Electronic copy provided to: | Taylore Carter |

| | |
|---|---|
| Entity: | PHH Mortgage Corporation<br>Entity ID Number  2131683 |
| Entity Served: | PHH Mortgage Corporation |
| Title of Action: | Herbert Roy Zucker vs. HSBC Bank, National Association |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Nassau County Supreme Court, New York |
| Case/Reference No: | 17-001013 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 03/13/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | NY Secretary of State on 03/06/2017 |
| How Served: | Certified Mail |
| Sender Information: | Christopher Thompson<br>631-983-8830 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 PHH MORTGAGE CORPORATION                          ZUCKER, HERBERT ROY


   C/O CORPORATION SERVICE COMPANY
   80 STATE STREET
   ALBANY,  NY 12207-2543


   Dear Sir/Madam:
   Enclosed herewith is a legal document which was served upon the Secretary of
   State on 03/06/2017 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
    This copy is being transmitted pursuant to such statute to the address
   provided for such purpose.


                                          Very truly yours,
                                     Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------x

HERBERT ROY ZUCKER,

                                    Plaintiff,

-Against-

HSBC BANK, NATIONAL ASSOCIATION;
PHH CORPORATION d/b/a PHH MORTGAGE
and NASSAU COUNTY RECORDER OF DEEDS.

                                    Defendants.

-----------------------------------------------------------------x

INDEX NO.: 17 - 001 03
Date Purchased: 2|21|17

Plaintiff Designates Nassau
County as the Place of Trial

**SUMMONS**

The Basis of Venue is the
Plaintiff's Place of Residence

Defendants Transact Business
in Nassau County

TO THE ABOVE NAMED DEFENDANTS:

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: West Islip, New York
       February 21, 2017

                    THE LAW OFFICES OF CHRISTOPHER THOMPSON

                    By: _____

                    CHRISTOPHER THOMPSON, ESQ.
                    Attorneys for Plaintiff
                    33 Davison Lane East
                    West Islip, New York, 11795
                    (631) 983-8830

**RECEIVED**

FEB 2 1 2017

NASSAU COUNTY
COUNTY CLERK'S OFFICE

TO: HSBC BANK National Association        PHH CORPORATION d/b/a PHH MORTGAGE
    452 Fifth Avenue                      80 State Street
    New York, New York 10018-2706         Albany, New York 12207-2543

    Nassau County Recorder of Deeds
    240 Old Country Road
    Mineola, New York 11501

                                    1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------x

HERBERT ROY ZUCKER,                                    INDEX NO.: _____

                            Plaintiff,

-Against-

HSBC BANK, NATIONAL ASSOCIATION;                       **VERIFIED COMPLAINT**
PHH CORPORATION d/b/a PHH MORTGAGE
and NASSAU COUNTY RECORDER OF DEEDS,                   RECEIVED

                                                       FEB 2 1 2017
                            Defendants.
                                                       NASSAU COUNTY
                                                       COUNTY CLERK'S OFFICE
--------------------------------------------------------------x

Plaintiff Herbert Roy Zucker by and through his counsel, THE LAW OFFICES OF

CHRISTOPHER THOMPSON, as and for his complaint states as follows:

## THE PARTIES

1.      Plaintiff, Herbert Roy Zucker (hereinafter "Zucker"), is an individual who

resides in Nassau County, New York.  At all times hereinafter mentioned Zucker is the owner

in fee simple and lawfully entitled to the immediate and continued possession and occupation

of the following real property hereinafter known as Beechwood Manor Old Tappan Road, Glen

Cove, NY 11542 (hereinafter "the premises" or ("Property"), Block: 10893, Lot: 533 and more

particularly described on **Exhibit "A"**.

2.      Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

3.      Defendant, HSBC Bank, National Association (hereinafter "HSBC") is, upon

information and belief, a national banking association with its headquarters in 452 Fifth

Avenue, New York, New York 10018-2706.

4.      Defendant, PHH CORPORATION d/b/a PHH MORTGAGE (hereinafter

"PHH") is, upon information and belief, foreign corporation licensed to do business in the State

of New York with a registered agent located at 80 State Street, Albany, NY 12207-2543.

2

5.      Defendant Nassau County Recorder of Deeds is an administrative agency located in Nassau County tasked with recording of Mortgages and Deeds in the Nassau County.

## NATURE OF ACTION

6.      Plaintiff brings this action pursuant to Article 15 of the Real Property Actions and Proceedings Law (RPAPL) to compel the determination of claims to real property hereinafter known as Beechwood Manor Old Tappan Road, Glen Cove, New York 11542.

7.      Plaintiff seeks to cancel and strike from the record a mortgage recorded on or about May 24, 2006 in the Office of the Recorder of Deeds of Nassau County, Book: 30530 Page 522.

8.      Plaintiff's basis for the relief sought herein is that the six-year (6) statute of limitations has passed and as such Defendant HSBC is barred from foreclosing its mortgage recorded against the Property.

9.      Plaintiff also brings this action to recover statutorily prescribed damages for acts on the part of Defendant PHH's violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "TCPA Rules and Regulations"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"), violations of NYS GBL Section 349, violations of TILA, RESPA and the Dodd Frank Act, and for common law Slander of Credit and Intentional Infliction of Emotional Distress.

## THE FACTS

9.      On April 27, 2006, Plaintiff allegedly executed and delivered a mortgage to Mortgage Electronic Registration Systems Inc. ("MERS") solely as nominee for HSBC Mortgage Corporation (USA) the amount of $2,300,000.00 (**Exhibit "B"**) ("Mortgage"). The

3

Mortgage was recorded in the Office of the Recorder of Deeds of Nassau County, Book: 30530 Page 522 on May 24, 2006.

10.     The Mortgage was assigned to HSBC Mortgage Corporation (USA) by virtue of that certain assignment recorded in the Office of the Recorder of Deeds of Nassau County, Book: 34317 Page 913 on November 4, 2009.

11.     The Mortgage was modified by that certain Modification Agreement recorded in the Office of the Recorder of Deeds of Nassau County, Book: 34360 Page 606 on November 18, 2009.

12.     The Mortgage as modified was assigned to HSBC Bank USA, NA. Said Assignment of Mortgage was recorded in the Office of the Recorder of Deeds of Nassau County, Book: 36448 Page 241 on October 7, 2011.

13.     Defendant, HSBC, claims an interest in the subject premises and the subject debt.

14.     On October 6, 2009 Defendant, HSBC Mortgage Corporation (USA) filed a notice of pendency, summons and complaint under Index No. 20370/2009 the Supreme Court Nassau County (hereinafter "the foreclosure action") against the mortgagor Herbert Roy Zucker and accelerated the entire amounts due on the mortgage.

15.     In August 2013, the court dismissed the foreclosure action and the Notice of Pendency was cancelled.

16.     That more than six (6) years have passed since the debt was accelerated by Defendant, HSBC on October 6, 2009.

17.     The six-year Statute of limitations for HSBC or its successors and assigns had in which to enforce the mortgage debt expired on October 6, 2015.

18.     That the Defendant HSBC is bound by its declaration of acceleration of the debt with the commencement of the foreclosure action on October 6, 2009.

4

19. Neither defendant, HSBC nor PHH notified the Plaintiff of a transfer in ownership and/or servicing of the Loan.

20. Upon information and belief, the failure to notify plaintiff of a transfer in ownership and/or servicing of the Loan is a violation of the Federal Truth in Lending Act, Real Estate Settlement Procedures Act, the Dodd-Frank Act and Fair Debt Collection Practices Act.

21. Upon information and belief defendant PHH is a "Debt Collector" as defined by the Federal Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692.

22. Upon information and belief defendant PHH has violated the FDCPA.

23. The alleged violations described in the Complaint occurred in Nassau County, New York. Accordingly, venue is appropriate with this Court as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred and it is where the Property is located.

24. At all times material hereto, Defendant PHH did transact business in Nassau County, New York, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

25. As described herein, Defendant PHH employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiffs that Plaintiffs do not owe.

26. Upon information and belief, Defendant PHH intentionally harassed and abused Plaintiff on numerous occasions by sending Plaintiffs threatening collection letters asserting false and misleading information, by reporting false information to the Credit Reporting Agencies with respect to Plaintiffs, and by calling Plaintiff's cellular telephone number several

5

times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt that Plaintiff do not owe.

27.      Inexplicably, in October 2015 after the statute of limitations expired for the Subject Loan Defendant PHH began contacting the Plaintiffs by mail and by telephone in an effort to collect the time-barred debt from Plaintiff, and began reporting the time-barred debt to the Credit Reporting Agencies as a valid debt that was owed by Plaintiff to Defendant PHH and Defendant HSBC.

28.      Upon information and belief from October 2015, to the present PHH reported to the Consumer Reporting Agencies that Plaintiff owed PHH a balance of $1,434,078.45 in connection with the discharged Subject Loan. Defendant PHH has continued reporting to the Consumer Reporting Agencies that the discharged debt is a valid debt owed to PHH by Plaintiff, has repeatedly reported that Plaintiff is delinquent in his payments thereunder, has reported and is continuing to inaccurately report that the Subject Loan is in foreclosure status, and has reported an increasingly escalating delinquent balance on the Subject Loan associated with the imposition of various illegitimate fees by Defendant.

29.      Additionally, from October 2015, to the Present, Defendant PHH sent numerous letters to Plaintiff, up to four (4) times per month, regarding a variety of mortgage payment and home owner related issues, including but not limited to the below referenced letters, and such letters are continuing to be sent by Defendant PHH and received by Plaintiff through the date of filing of this Complaint.

30.      In addition to sending the above described collection letters, Defendant PHH initiated numerous telephone calls to Plaintiff's cellular telephone number, in an effort to collect the time-barred debt at issue from Plaintiffs.

6

31.    To date, Plaintiff has received approximately six-hundred (600) calls to his home and cellular telephone number from Defendant PHH in an effort to collect the time-barred debt at issue, and the calls continue through the date of filing of this Complaint.

32.    Upon answering the above described collection calls from Defendant PHH, Plaintiff repeatedly informed Defendant's representatives that the Subject Loan is time-barred, however Defendant PHH remains steadfast and undeterred in its campaign of placing abusive and harassing collection calls to Plaintiff's aforementioned cellular telephone number.

33.    Additionally, Plaintiff made several calls to Defendant PHH in an effort to bring a stop to the Defendant's unlawful collection conduct in connection with the discharged debt, wherein Plaintiff likewise repeatedly informed Defendant's representatives that the Subject Loan was time-barred and not collectible, and requested that Defendant PHH discontinue its abusive and harassing campaign of placing collection calls to his cellular telephone number, sending threatening collection letters, and reporting false information to the Credit Reporting Agencies.

34.    Despite Defendant PHH's actual knowledge that the Subject Loan was time-barred as of October 6, 2015, despite Defendant's representatives being repeatedly informed of the same by Plaintiff, Defendant refuses to discontinue its campaign of abusive, harassing, and unlawful collection conduct, including the mailing of false and misleading collection letters, the inaccurate reporting of derogatory credit information, and the placement of collection calls to Plaintiff's aforementioned cellular telephone number, in violation of the TCPA, FDCPA, FCCPA and New York common law, as set forth herein.

35.    The telephone calls at issue were placed by Defendant PHH using an "automated telephone dialing system" or "autodialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and

7

to dial such numbers, as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

36.     Defendant PHH initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

37.     Additionally, none of the telephone calls at issue were placed by Defendant PHH to Plaintiff's aforementioned home or cellular telephone number for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

38.     Moreover, the telephone collection calls at issue were at all material times prohibited as the six (6) year statute of limitations had expired, and Defendant PHH was and is unequivocally enjoined from placing said collection calls to Plaintiff pursuant thereto.

39.     Defendant PHH willfully and/or knowingly violated the TCPA with respect to Plaintiff.

40.     Defendant PHH has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

41.     Defendant PHH has a corporate policy of attempting to collect debt that was no longer collectible, just as it did when calling Plaintiff's cellular telephone number, mailing the above described collection letters to Plaintiff, and reporting the subject debt to the Credit Reporting Agencies despite actual knowledge of the falsity of said reports, as described herein.

42.     Despite actual knowledge of its wrongdoing, Defendant PHH continued the campaign of abuse.

8

43.    Defendant PHH's corporate policy is structured to continue to call individuals like Plaintiff, despite these individuals explaining to the Defendant PHH that the debts at issue was time-barred under the six year statute of limitations and no longer collectible.

44.    Defendant PHH's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

45.    Defendant PHH has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

46.    Defendant PHH followed its corporate policies when attempting to communicate with the Plaintiff in connection with the debt which was not collectible.

47.    Defendant PHH has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

48.    Defendant PHH has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

49.    As a direct and proximate result of Defendant PHH's acts or omissions, as set forth herein, Plaintiff suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

50.    Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life have continued and are continuing as of the filing of this complaint.

51.    All conditions precedent to the filing of this action has occurred.

9

## AS AND FOR THE FIRST CAUSE OF ACTION

52.    Plaintiff re-alleges each and every allegation in paragraphs "1" through "51" as though fully set forth.

53.    On April 27, 2006, Plaintiff allegedly executed and delivered a mortgage to Mortgage Electronic Registration Systems Inc. ("MERS") solely as nominee for HSBC Mortgage Corporation (USA) the amount of $2,300,000.00 ("Mortgage"). The Mortgage was recorded in the Office of the Recorder of Deeds of Nassau County, Book: 30530 Page 522 on May 24, 2006.

54.    The Mortgage was assigned to HSBC Mortgage Corporation (USA) by virtue of that certain assignment recorded in the Office of the Recorder of Deeds of Nassau County, Book: 30530 Page 522 on May 24, 2006.

55.    The Mortgage was modified by that certain Modification Agreement recorded in the Office of the Recorder of Deeds of Nassau County, Book: 30530 Page 522 on May 24, 2006.

56.    The Mortgage as modified was assigned to HSBC Bank USA, NA. Said Assignment of Mortgage was recorded in the Office of the Recorder of Deeds of Nassau County, Book: 30530 Page 522 on May 24, 2006.

57.    Defendant, HSBC, claims an interest in the subject premises and the subject debt.

58.    On October 6, 2009 Defendant, HSBC filed a notice of pendency, summons and complaint under Index No. 20370/2009 the Supreme Court Nassau County (hereinafter "the foreclosure action") against the mortgagor Herbert Roy Zucker and accelerated the entire amounts due on the mortgage.

59.    The court dismissed the foreclosure action and the Notice of Pendency was cancelled on or about January 4, 2014.

10

60.     That more than six (6) years have passed since the debt was accelerated by Defendant, HSBC on October 6, 2009.

61.     The six-year statute of limitations for HSBC or its successors and assigns had in which to enforce the mortgage debt expired on October 6, 2015.

62.     That the Defendant HSBC is bound by its declaration of acceleration of the debt with the commencement of the foreclosure action on October 6, 2009.

63.     That all times herein, the Defendant, HSBC, had standing to enforce the aforementioned mortgage debt.

64.     No foreclosure action was commenced by defendant following the court's dismissal of the foreclosure action on or about January 4, 2014.

65.     That the statute of limitations for enforcement of the mortgage debt has expired and the defendant is forever barred from enforcing that debt as a matter of law.

66.     That the expiration of the statute of limitations shall prevent the Defendant HSBC from enforcing the subject debt secured by the mortgage.

67.     There are no other Defendants known to plaintiff.

68.     Upon information and belief, absent a judicial order, Defendant HSBC will attempt to seek foreclosure on the property and seek to sell the subject property at a public sale, regardless of demand, if a determination of the Plaintiff's claim to the mortgaged premises is not made in the Plaintiff's favor.

69.     This action is brought under the provisions of Article 15 of the Real Property Actions and Proceedings Law to clear the County records of the aforementioned mortgage encumbrance to the mortgaged premises, more fully described herein (See "Exhibit A") and establish Plaintiff as the sole and rightful interest holder of record.

70.     Upon information and belief, Defendant HSBC might claim, an estate or interest in the subject property superior to and adverse to plaintiff interest.

11

71.     No defendant is or might be an infant, mentally retarded, mentally ill or an alcohol abuser

72.     A judgment will not affect a person or person's not in being or ascertained at the commencement of this action, which by any contingency contained in a demise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the premises.

73.     No personal claim is made in this action against Defendant other than a Defendant who shall assert any claim adverse to the claim of the Plaintiff as set forth in this complaint.

74.     Plaintiff seeks judgment that Defendant and every person who may claim an interest in the premises under it are barred from all claims to an estate or interest in the Premises described in the complaint superior to Plaintiff's interests and also a judgment declaring the subject note and Mortgage unenforceable and direct the Nassau County Clerk to remove the Mortgage from the county records and in the alternative to order the Clerk to record a copy of the judgment holding the Mortgage unenforceable.

75.     Plaintiff has no other adequate remedy at law.

76.     A genuine controversy exists between the parties.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of the TCPA against PHH)

77.     Plaintiff re-alleges each and every allegation in paragraphs (1) through (76) as if fully restated herein and further state as follows:

78.     None of the calls at issue were placed by Defendant PHH to Plaintiff's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations. 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

12

79.    Furthermore, none of the calls at issue were placed by Defendant PHH to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

80.    Moreover, the calls at issue were at all material times specifically prohibited by the TPCPA, as the debt PHH is seeking to collect is not collectible.

81.    Defendant PHH willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiffs' cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiffs' prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

82.    The TCPA provides Plaintiff with a private right of action against Defendant PHH for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of the New York against PHH)

83.    Plaintiff re-alleges each and every allegation in paragraphs (1) through (82) as if fully restated herein and further state as follows:

84.    At all times relevant to this action Defendant Servicer is subject to and must abide by the law of New York, including NY Gen. Bus. Law § 349.

85.    Defendant PHH engaged in an act or omission prohibited under NY Gen. Bus. Law § 349 by disclosing to a person other than the Plaintiff information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the

other person does not have a legitimate business need for the information or that the information is false.

86.    Defendant PHH engaged in an act or omission prohibited NY Gen. Bus. Law § 349, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

87.    Defendant PHH engaged in an act or omission prohibited under NY Gen. Bus. Law § 349 by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

88.    Defendant PHH engaged in an act or omission prohibited NY Gen. Bus. Law § 349, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

89.    Defendant PHH's actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by NY Gen. Bus. Law § 349 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of the "FDCPA" Against PHH)

90.    Plaintiff re-alleges each and every allegation in Paragraphs (1) through (89), as if fully set forth herein.

91.    Plaintiffs have been the object of collection activity by Defendant Servicer arising from an alleged consumer debt.

92.    Defendant PHH is a "debt collector" as defined by the FDCPA.

14

93.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiffs.

94.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff's in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiffs at the called number.

95.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

96.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt at issue.

97.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692e(8) by communicating credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

98.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

99.    Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

100.   Defendant PHH engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

101.   Defendant PHH's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, lost financing opportunities and financing terms making life more expensive for Plaintiff; and attorney fees, interest and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Slander of Credit against PHH)

102.   Plaintiff re-alleges each and every allegation of Paragraphs (1) through (101), as if fully set forth herein.

103.   Defendant PHH reported the debt at issue to the Consumer Reporting Agencies as being delinquent, resulting in the same being reflected on Plaintiff's credit reports.

104.   The above described reports to the Consumer Reporting Agencies by Defendant PHH were false, as described herein.

105.   In making the above reports to the Consumer Reporting Agencies, Defendant PHH knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

106.   As a direct result of the above described false credit reports by Defendant PHH, Plaintiff's credit scores and credit worthiness have been impaired.

107.   As a direct and proximate result of the above described false credit reports by Defendant PHH, Plaintiff has suffered losses and damages.

16

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress against PHH)

108.   Plaintiff re-alleges each and every allegation in paragraphs (1) through (107) above as if fully set forth herein, and further states:

109.   The outrageous conduct of Defendant PHH individually, and through its employees, agents, representatives and collectors, as described herein, deliberately, recklessly and/or intentionally inflicted emotional distress on the Plaintiffs.

110.   The outrageous conduct of Defendant PHH, as described herein, was directed at Plaintiffs by and through PHH's employees, agents, apparent agents or other persons acting to benefit and further the interests of Defendant PHH, and acting in the course and scope of their employment or agency with Defendant PHH.

111.   As a direct and proximate result of the outrageous conduct of Defendant PHH, as described herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Declaratory Judgment)

112.   Plaintiff re-alleges each and every allegation in paragraphs "1" through "111" of this Verified Complaint, with the same force and effect as if set forth at length herein.

113.   Plaintiff is entitled to a declaratory judgment setting forth the rights of the parties to the Loan, to include but to not be limited to, whether the Loan has been extended, the actual maturity date, whether defendants have violated the Truth in Lending Act, RESPA Dodd-Frank Act, FDCPA, TCPA and New York State laws.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Accounting by Defendants)

114.   Plaintiff re-alleges each and every allegation in paragraphs "1" through "113" of this Verified Complaint, with the same force and effect as if set forth at length herein.

115.   Plaintiff made demands to HSBC and PHH for an accounting of all financial transactions between Plaintiff and HSBC and PHH.

116.   HSBC and PHH owe a duty to inform Plaintiff of the status of any funds transacted between them.

117.   HSBC and PHH have failed and refused to disclose to Plaintiff the status of any funds transacted between them, including but not limited to, a printout of all amounts borrowed and all amounts paid to date.

118.   As a result the Court should direct HSBC and PHH to account to Plaintiff for all financial transactions and business dealings between the parties.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Punitive Damages Against All Defendants)

119.   Plaintiff re-alleges each and every allegation in paragraphs "1" through "118" of this Verified Complaint, with the same force and effect as if set forth at length herein.

120.   By reason of the actions and inactions of the HSBC and PHH, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial but in no event less than Ten Million ($10,000,000.00) Dollars.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Violations of TILA, RESPA, and Dodd-Frank by All Defendants)

121.   Plaintiff re-alleges each and every allegation in paragraphs "1" through "120" of this Verified Complaint, with the same force and effect as if set forth at length herein.

122.    By reason of the actions and inactions of the defendants and the violation of the Truth in Lending Act, RESPA, and Dodd-Frank Act plaintiff and all those in a class similarly damaged are entitled to statutory damages and attorney fees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Attorney Fees)

123.    Plaintiff re-alleges each and every allegation in paragraphs "1" through "122" of this Verified Complaint, with the same force and effect as if set forth at length herein.

124.    Plaintiff is entitled to reasonable attorney fees as a result of the actions and inactions of defendants in an amount to be determined by the Court but in no event less than Fifty Thousand ($50,000.00) Dollars.

125.    Plaintiff demands trial by jury.

126.    Plaintiff reserves his right to seek class action status for all violations of Federal and State law.

**WHEREFORE**, Plaintiff demands judgment:

(a)    On the First Cause of Action against defendant HSBC, Plaintiff respectfully demands judgment against HSBC as follows: (a) cancelling the subject mortgage recorded against the Property, (b) declaring said mortgage unenforceable; (c) Ordering the Recorder of Deeds of Nassau County to file a copy of the Court's Order declaring the subject mortgage unenforceable; and (d) granting Plaintiff such other, further and different relief this Court deems just and proper.

(b)    On the Second Cause of Action Plaintiff, respectfully demands judgment against Defendant PHH for statutory damages, actual damages, an injunction from similar conduct in the future, costs, interest, and such other relief as this Court deems just and proper.

19

(c)     On the Third Cause of Action respectfully demand judgment against Defendant PHH for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

(d)     On the Fourth Cause of Action respectfully demand judgment against Defendant PHH for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

(e)     On the Fifth Cause of Action Plaintiff respectfully demand judgment against Defendant PHH for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

(f)     On the Sixth Cause of Action Plaintiff respectfully demand a trial by jury of all issues so triable and judgment against Defendant PHH for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

(g)     On the Seventh Cause of Action against all defendants, plaintiff demands a declaratory judgment setting forth the rights of the parties to the Loan, to include but to not be limited to, whether the Loan has been extended, the actual maturity date, whether defendants have violated the Truth in Lending Act, Dodd-Frank Act, FDCPA and New York State laws.

(h)     On the Eighth Cause of Action against all defendants plaintiff demands an accounting for all financial transactions and business dealings between the parties.

(i)     On the Ninth Cause of Action against all defendants plaintiff demands punitive damages in an amount to be determined at trial but in no event less than Ten Million ($10,000,000.00) Dollars.

(j)     On the Tenth Cause of Action against all defendants plaintiff and all those in a class similarly damaged demand statutory damages and attorney fees for the violation of the Truth in Lending Act, RESPA and Dodd-Frank Act.

20

(k)     On the Eleventh Cause of Action against all defendants plaintiff demands reasonable attorney fees in an amount to be determined by the Court but in no event less than Fifty Thousand ($50,000.00) Dollars.

(l)     For such other and further relief as this Court deems just and proper.

Dated:  West Islip, New York
            February 21, 2017

LAW OFFICES OF CHRISTOPHER THOMPSON

By:     _____

Christopher Thompson, ESQ.
Attorney for Plaintiff
33 Davison Lane East
West Islip, New York 11795
1(631) 983-8830

21

## VERIFICATION

CHRISTOPHER THOMPSON, ESQ., an attorney duly admitted to the practice of law in the State of New York affirms the following:

I have read the foregoing Summons and Verified Complaint, know the contents thereof, and that the same is true as to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true based upon books, records and interviews conducted therewith.

I make this affirmation as my client does not reside in the County in which I maintain my office.

Dated: West Islip, New York
February 21, 2017

_____
CHRISTOPHER THOMPSON, ESQ.

22

**EXHIBIT "A"**

**SCHEDULE A**

ALL that certain plot, piece or parcel of land, situate, lying and being in the City of Glen Cove, Town of Oyster Bay, County of Nassau and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Old Tappan Road, (formerly New Lating Town), distant 1993.37 feet Easterly when measured along the Northerly side of Old Tappan Road from the corner formed by the intersection of the Northerly side of Old Tappan Road with the Easterly side of Dosoris Lane;

RUNNING THENCE North 4 degrees 39 minutes 00 seconds East, 278.60 feet;

THENCE South 85 degrees 23 minutes 45 seconds East and along land of Patrick Hannett, 429.21 feet;

THENCE South 3 degrees 59 minutes 18 seconds West, 278.50 feet to the Northerly side of Old Tappan Road;

THENCE North 85 degrees 24 minutes 40 seconds West and along the Northerly side of Old Tappan Road, 432.43 feet to the point or place of BEGINNING.

**EXHIBIT "B"**



NASSAU COUNTY CLERK'S OFFICE
ENDORSEMENT COVER PAGE

Recorded Date: 05-24-2006
Recorded Time: 10:19:38 a

Liber Book: M 30530
Pages From:        522
To:        554

Control
Number:   548
Ref #: CX  015387
Doc Type: M08  MORTGAGE AGREEMENT

Record and Return To:
BERKMAN HENOCH PETERSON & PEDDY
STE 200
100 GARDEN CITY PLZ
ATT RESIDENTIAL MORTGAGE DEPT
GARDEN CITY, NY  11530

Location:
GLEN COVE (2806)

Section Block   Lot   Unit
0030    00090-00 00021

Taxes Total            .00
Recording Totals      130.00
LS001                    Total Payment       130.00

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK

2006052400548

N 40153N

S: 30
8: 90
L: 21

Return To:

BERDSAN AND HENOCH    SUITE 8200
100 GARDEN CITY PLAZA, GARDEN
CITY, NY 11930
ATTENTION: RESIDENTIAL MORTGAGE DEPARTMENT

Prepared By:
BACKUS, MARYANN, ,

ORIGINAL

———— [Space Above This Line For Recording Data] ————
## CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT
MIN 100022407895348326

**WORDS USED OFTEN IN THIS DOCUMENT**

   (A) "Agreement." This document, which is dated April 27, 2006        and
exhibits and riders attached to this document will be called the "Agreement."
   (B) "Borrower." HERBERT ROY ZUCKER

will be called "Borrower" and sometimes "I" or "me." Borrower's address is   BEECHWOOD MANOR OLD
TAPPAN ROAD, GLEN COVE, NY 11542
   (C) "Lender." HSBC Mortgage Corporation (USA)

will be called "Lender" and sometimes "Note Holder." Lender is a corporation or association which exists
under the laws of DELAWARE                                              . Lender's
address is 2929 WALDEN AVENUE, DEPEW, NY 14043-2602

   (D) "Mortgages." The mortgages, deeds of trust, or other security instruments and any additional
security instruments and related agreements (such as assignments, extensions, modifications, or
consolidations of mortgages) identified in Exhibit A to this Agreement will be called the "Mortgages."
   (E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that
is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint,
MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS AGREEMENT,
MERS IS THE MORTGAGEE OF RECORD.

Section:                Block: 90          Lot: 21            Unit:
NY 5300                                                                      0709554852
NEW YORK CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT WITH MERS       Form 3173 1/01
- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                   (rev. 5/01)

-8SRA(NY) (0108)
Page 1 of 3           Initials
VMP Mortgage Solutions, Inc (800)521-7291

(F) "Note Holder." Lender or anyone who succeeds to Lender's rights under this Agreement and who is entitled to receive the payments I agree to make under this Agreement may be called the "Note Holder."

(G) "Notes." The Notes which are identified in Exhibit A to this Agreement, and which are secured by the Mortgages, will be called the "Notes."

(H) "Property." The property which is described in the Mortgage(s) and in Exhibit D (Property Description) to this Agreement, will be called the "Property." The Property is located at:

BEECHWOOD MANOR OLD TAPPAN ROAD
[Street]

GLEN COVE                                             NASSAU
[City]                                                [County]

New York , 11542
[State and Zip Code]

I promise and I agree with Lender as follows:

I.   BORROWER'S AGREEMENT ABOUT OBLIGATION UNDER THE NOTES AND MORTGAGES

I agree to take over all of the obligations under the Notes and Mortgages as consolidated and modified by this Agreement as Borrower. That means that I will keep all of the promises and agreements made in the Notes and Mortgages even if some other person made those promises and agreements before me. The total unpaid principal balance of the Notes is U.S. $ 2,300,000.00                     of this amount, U.S. $ 60,000.00                  was advanced to me (or for my account) immediately prior to this consolidation.

II.  AGREEMENT TO COMBINE NOTES AND MORTGAGES

(A) By signing this Agreement, Lender and I are combining into one set of rights and obligations all of the promises and agreements stated in the Notes and Mortgages including any earlier agreements which combined, modified or extended rights and obligations under any of the Notes and Mortgages. This means that all of Lender's rights in the Property are combined so that under that law Lender has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. This combining of notes and mortgages is known as a "Consolidation."

(B) In the event that Exhibit A indicates that all of the Notes and Mortgages have already been combined by a previous agreement, then Lender and I agree to change the terms of Section II, paragraph (A) of this Agreement to the following:

Lender and I agree that all of the promises and agreements stated in the Notes and Mortgages — including any earlier agreements which combined, modified, or extended rights and obligations under any of the Notes and Mortgages — have been combined into one set of rights and obligations by an earlier agreement which is referred to in Exhibit A. This means that all of the Lender's rights in the Property have already been combined so that under that law Lender already has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. The combining of notes and mortgages is known as a "Consolidation."

III. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED NOTE

Lender and I agree that the terms of the Notes are changed and restated to be the terms of the "Consolidated Note" which is attached to this Agreement as Exhibit C. The Consolidated Note contains the terms of payment for the amounts that I owe to the Note Holder. I agree to pay the amounts due under the Notes in accordance with the terms of the Consolidated Note. The Consolidated Note will supersede all terms, covenants, and provisions of the Notes.

NY 5300                                                                    0789854852

ISOA(NY)                          Page 2 of 5                          Form 3172 1/01 (rev. 5/01)

By signing this Agreement, Lender and I agree to all of the above.

HSBC Mortgage Corporation (USA)

By: _____ - Lender

HERBERT ROY WALKER · Borrower

Mortgage Electronic Registration Systems, Inc.

By: _____ - Mortgage

_____ · Borrower

_____ · Borrower _____ · Borrower

_____ · Borrower _____ · Borrower

_____ · Borrower _____ · Borrower

STATE OF NEW YORK,                                          County ss:

On the   26th     day of April, 2006                    before me, the undersigned, a notary
public in and for said state, personally appeared

Stephen J. Brookmeyer

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

PATRICIA D. RIPOLL
Notary Public, State of New York
No. 01RI4936942
Qualified in Nassau County
Commission Expires Feb 20, 20 10

Patricia D. Ripoll
Notary Public

STATE OF NEW YORK,                            NASSAU     County ss:

On the   27th     day of     APRIL, 2006           before me, the undersigned, a notary
public in and for said state, personally appeared

HERBERT ROY ZUCKER

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

LYNNE BRUNENGRABER Public
Notary Public, State Of New York
Qualified In Suffolk County
No. 01BR6060374
My Commission Expires 09/09/2008

Tax Map Information:  SECTION:   30
                      BLOCK:     90
                      LOT:       21

NY 5300                                                     0789556952

BSOA(NY) (2000)           Page 2 of 2                Form 3172  1/01 (rev. 5/01)

**EXHIBIT A**
(List of Mortgages, Notes, and Agreements)

[X] (1) This Mortgage given by HERBERT ROY ZUCKER

and dated 04/27/2006                    in favor of MERS AS NOMINEE FOR HSBC MORTGAGE
CORPORATION (USA)

securing the original principal amount of U.S. $ 60,000.00
This Mortgage is un a Fannie Mae/Freddie Mac Security Instrument and
[X] will be recorded together with this Agreement.
[ ] was recorded on                                      , in the Office of the Clerk of
NASSAU                                      County, State of New York, in
Liber                        at Page
[X] At this date, the unpaid principal balance secured by this Mortgage is U.S. $  60,000.00
This Mortgage secures a Note dated     04/27/2006

[X] (2) This Mortgage given by HERBERT ROY ZUCKER

and dated 03/26/1999                    in favor of SYNOD OF BISHOPS OF THE RUSSIAN
ORTHODOX CHURCH OUTSIDE RUSSIA

securing the original principal amount of U.S. $655,000.00
This Mortgage was recorded on 04/02/1999                    in the Office of the Clerk of
NASSAU                          County, State of New York, in Liber 18493
at Page 504
[X] At   this   date,   the   unpaid   principal   balance   secured   by   this   Mortgage   is   U.S.
$ 0.00   SEE RELON                      . This Mortgage secures a Note dated   03/26/1999
The above referenced Mortgage was assigned to Morgan Stanley Dean Witter Credit Corp
by an assignment dated 03-21-03 and Recorded 04-29-2003 in the Nassau County Clerk's
Office in Liber 24042 at Page 936.

[X] (3) This Mortgage given by HERBERT ROY ZUCKER

and dated 03/21/2003                    in favor of MORGAN STANLEY DEAN WITTER CREDIT
CORPORATION

securing the original principal amount of U.S. $85,000.00
This Mortgage was recorded on 04/29/2003                    in the Office of the Clerk of
NASSAU                          County, State of New York, in Liber 24042
at Page 936
[X] At   this   date,   the   unpaid   principal   balance   secured   by   this   Mortgage   is   U.S.
$ 0.00   SEE RELON                      . This Mortgage secures a Note dated 03/21/2003
Mortgages 2 and 3 were consolidated by Consolidation, Extension and Modification
Agreement dated 3-21-2003 and recorded 4-29-2003 in the Nassau County Clerk's Office
in Liber 24042 at Page 904 to form a single lien of $740,000.00. Mortgages 2 and 3 are
hereby assigned to MERS as Nominee for HSBC Mortgage Corporation (USA) an assignment
dated 4/26/06 and as to be recorded simultaneously with this agreement.

NY 2205                        Page 6 of 7                        0789254053

EXHIBIT A

X. (4) This Mortgage given by HERBERT ROY SUCKER

and dated 07/31/2003                     In favor of MORGAN STANLEY DEAN WITTER CREDIT
CORPORATION

securing the original principal amount of U.S. $1,250,000.00
This Mortgage was recorded on 07/31/2003                     In the Office of the Clerk of
NASSAU                                        County, State of New York, in Liber 24627
at Page 479
[X] At  this  date,  the  unpaid  principal  balance  secured  by  this  Mortgage  is  U.S.
$0.00  SEE BELOW                        . This Mortgage secures a Note dated 07/31/2003

[X] (5) This Mortgage given by HERBERT ROY SUCKER

and dated 03/01/2005                     In favor of MORGAN STANLEY DEAN WITTER CREDIT
CORPORATION

securing the original principal amount of U.S. $250,000.00                        . This
Mortgage was recorded on  03/01/2005                     In the Office of the Clerk of
NASSAU                                        County, State of New York, in Liber 28437
at Page 516
[X] At  this  date,  the  unpaid  principal  balance  secured  by  this  Mortgage  is  U.S.
$0.00  SEE BELOW                        . This Mortgage secures a Note dated 03/01/2005
Mortgages 4 and 5 were consolidated by Consolidation, Extension and Modification
Agreement dated 2-01-2005 and recorded 3-01-2005 in the Nassau County Clerk's Office
in Liber 28437 at Page 926 to form a single lien of $1,500,000.00. Mortgages 4and 5
are hereby assigned to MERS as Nominee for HSBC Mortgage Corporation (USA) by an
assignment dated 4/28/06 and is to be recorded simultaneously with this agreement.

[ ] (6) This Mortgage given by

and dated                                     in favor of

securing the original principal amount of U.S. $0.00                        . This
Mortgage was recorded on                     in the Office of the Clerk of
NASSAU                                        County, State of New York, in Liber
at Page
[ ] At  this  date,  the  unpaid  principal  balance  secured  by  this  Mortgage  is  U.S.
$0.00                        . This Mortgage secures a Note dated

THE UNPAID PRINCIPAL BALANCE IS $2,240,000.00

NY 6300                     Page 7 of 7                     0709854852

EXHIBIT B

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the City of Glen Cove, Town of Oyster Bay, County of Nassau and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Old Tappan Road, (formerly New Lotting Town), distant 1993.37 feet Easterly when measured along the Northerly side of Old Tappan Road from the corner formed by the intersection of the Northerly side of Old Tappan Road with the Easterly side of Desoris Lane;

RUNNING THENCE North 4 degrees 39 minutes 00 seconds East, 278.60 feet;

THENCE South 85 degrees 23 minutes 45 seconds East and along land of Patrick Hennett, 429.21 feet;

THENCE South 3 degrees 59 minutes 18 seconds West, 278.50 feet to the Northerly side of Old Tappan Road;

THENCE North 85 degrees 24 minutes 40 seconds West and along the Northerly side of Old Tappan Road, 432.43 feet to the point or place of BEGINNING.



## "EXHIBIT C"

This Note amends and restates in their entirety, and is given in substitution for, the Notes described in Exhibit A of the New York Consolidation, Extension and Modification Agreement dated the same date as this Note.

## NOTE

April 27, 2006            GARDEN CITY            NEW YORK
[Date]                         [City]                      [State]

BEECHWOOD MANOR OLD TAPPAN ROAD, GLEN COVE, NY  11542
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 2,300,000.00      (This amount is called "Principal"), plus interest, to the order of the Lender. The Lender is REBC Mortgage Corporation (USA)

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder".

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st      day of each month beginning on  July 01, 2006          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal, If, on June 01, 2036        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 2929 WALDEN AVENUE, DEPEW, NY  14043
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $14,537.57.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note holder agrees in writing to these changes.

NY 8120                                                                   0709354882

NEW YORK FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3233 1/01
Page 1 of 3            Initials:

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
HERBERT ROY BUCKEL                -Borrower                                             -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                             -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                             -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                             -Borrower

*[Sign Original Only]*

NY  8120                                                                    0789554852

(GMD) -6N(NY) (0201)                      Page 3 of 3                        Form 3233 1/01

Return To:
BERKMAN AND HENOCH

"EXHIBIT D"

100 GARDEN CITY PLAZA,
GARDEN CITY, NY  11530

Prepared By:
BACKUS, MARYANN,  ,

—————————  [Space Above This Line For Recording Data]  —— ————— ——.

## MORTGAGE
MIN 100022407895548526

**WORDS USED OFTEN IN THIS DOCUMENT**
(A) "Security Instrument." This document, which is dated April 27, 2006
together with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower." HERBERT ROY ZUCKER

whose address is  BEECHWOOD MANOR OLD TAPPAN ROAD, GLEN COVE, NY  11542
sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "MERS"  is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint,
MI 48501-2026, tel. (888) 679-MERS.  FOR PURPOSES OF RECORDING THIS MORTGAGE,
MERS IS THE MORTGAGEE OF RECORD.
(D) "Lender." HSBC Mortgage Corporation (USA)

will be called the "Lender."  Lender is a corporation or association which exists under the laws of
DELAWARE                                    , Lender's address is  2929 WALDEN AVENUE, DEPEW,
NY  14043-2602

NY 3113                                                                    0789554852
NEW YORK - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3033 1/01

Page 1 of 17        Initials:

(E) "Note."  The note signed by Borrower and dated April 27, 2006        , will be called the "Note." The Note shows that I owe Lender TWO MILLION THREE HUNDRED THOUSAND and NO/100

Dollars (U.S. $2,300,000.00        ) plus interest and other amounts that may be payable. I have promised to pay this debt in Periodic Payments and to pay the debt in full by June 01, 2036

(F) "Property."  The property that is described below in the section titled "Description of the Property," will be called the "Property."

(G) "Loan."  The "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Sums Secured."  The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

(I) "Riders."  All Riders attached to this Security Instrument that are signed by Borrower will be called "Riders."  The following Riders are to be signed by Borrower [check box as applicable]:

| [ ] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) "Applicable Law."  All controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable, judicial opinions will be called "Applicable Law."

(K) "Community Association Dues, Fees, and Assessments." All dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization will be called "Community Association Dues, Fees and Assessments."

(L) "Electronic Funds Transfer." "Electronic Funds Transfer" means any transfer of money, other than by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Some common examples of an Electronic Funds Transfer are point-of-sale transfers (where a card such as an asset or debit card is used at a merchant), automated teller machine (or ATM) transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items."  Those items that are described in Section 3 will be called "Escrow Items."

(N) "Miscellaneous Proceeds."  "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than Insurance Proceeds, as defined in, and paid under the coverage described in Section 3) for: (i) damage to, or destruction of, the Property; (ii) Condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of Condemnation or sale to avoid Condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.  A taking of the Property by any governmental authority by eminent domain is known as "Condemnation."

(O) "Mortgage Insurance." "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment."  The regularly scheduled amount due for (i) principal and interest under the Note, and (ii) any amounts under Section 3 will be called "Periodic Payment."

(Q) "RESPA." "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.  As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

0790954953

## SECTION 255 AFFIDAVIT

STATE OF NEW YORK )
                ) ss:
COUNTY OF NASSAU )

HERBERT ROY ZUCKER ___,
being duly sworn, depose(s) and says(s):

That (he/she/they) (is/are) the mortgagor(s), collectively the "Mortgagor" under the mortgage(s) collectively the "Mortgage" set forth on Rider A attached to, and made a part of, this Affidavit.

That the Mortgage set forth in Rider A continues to secure a bona fide obligation and that any assignee thereof is not a nominee of the Mortgagor.

That pursuant to a certain Modification, Consolidation and Extension Agreement (the "Agreement" between the Mortgagor and HSBC MORTGAGE CORPORATION (USA) intended to be recorded simultaneously herewith, the Mortgage was modified and extended (and combined and consolidated to form a single mortgage lien) in the principal sum of $ 92,300,000.00 ___.

That no reloans or readvances have been made under, by or pursuant to the Mortgage.

That the maximum amount secured, or which under any contingency may be secured, by the Mortgage is $ 92,300,000.00 ___ , and the Agreement does not create or secure any new or further indebtedness.

Request is hereby made that the Agreement be declared exempt from taxation pursuant to the provisions of Section 255 of the Tax Law.

_____(Seal)
HERBERT ROY ZUCKER   Borrower

_____(Seal)
Borrower

_____(Seal)
Borrower

_____(Seal)
Borrower

STATE OF NEW YORK )
                ) S.S.
COUNTY OF NASSAU )

On 4/27/2006 before me, the undersigned, personally appeared HERBERT ROY ZUCKER personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

LYNNE BRUNENGRABER
Notary Public, State Of New York
Qualified in Suffolk County
No. 01BR6080374
My Commission Expires 08/08/2008

_____ Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------

HERBERT ROY ZUCKER,                                    INDEX NO.: _____

                                    Plaintiff,

-Against-

HSBC BANK, NATIONAL ASSOCIATION;
PHH CORPORATION d/b/a PHH MORTGAGE
and NASSAU COUNTY RECORDER OF DEEDS,

                                    Defendants.

-------------------------------------------------------------------------

-------------------------------------------------------------------------
                    *SUMMONS AND VERIFIED COMPLAINT*
-------------------------------------------------------------------------

*CERTIFICATION PURSUANT TO NYCRR 130.1.1*
*The signature constitutes a certification by the signer that the presentation of the paper or the conditions*
*therein are not frivolous.*

                    *CHRISTOPHER THOMPSON, ESQ.*
                *The Law Offices of Christopher Thompson*
                        *Attorneys for Plaintiffs*
                        *33 Davison Lane East*
                        *West Islip, New York 11795*
                            *(631) 983-8830*

-------------------------------------------------------------------------
*To:*
*Attorney(s) for:*
-------------------------------------------------------------------------
*Service of the copy of the within* _____ *is hereby admitted.*
*Dated:*                            _____
                                            *Attorneys for*
-------------------------------------------------------------------------

*PLEASE TAKE NOTICE*

| | | |
|---|---|---|
| *NOTICE OF ENTRY* | [ ] | *that the within is a (certified) true copy of an Order entered in the office of the clerk of the within named Court on* |
| *NOTICE OF to the SETTLEMENT named Court,* | [ ] | *that an Order of which the within is a true copy will be presented for settlement* |
| | | *Hon.*                    *one of the judges of the within* |
| | | *on*          *2017* *, at*          *M.* |



3801703090

381

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8969 0059 7936 4318 54

20170309090409
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543