```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HERBERT ROY ZUCKER
                                                                    **MEMORANDUM & ORDER**
                    Plaintiff,                                      17-CV-2192 (DRH) (SIL)
      -against-

HSBC BANK, USA, PHH MORTGAGE
CORPORATION, and NASSAU COUNTY
RECORDER OF DEEDS,

                    Defendants.
-------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiffs:**

**The Law Offices of Christopher Thompson**
33 Davison Lane East
West Islip, New York 11795
By:    Christopher Thompson, Esq.

**For Defendants HSBC Bank USA**

**Phillips Lytle LLP**
340 Madison Avenue, 17th Floor
New York, New York 10173
By:    Preston L. Zarlock, Esq.
          Richard Weingarten, Esq.

**For Defendant PHH Mortgage Corporation:**

**Ballard Spahr LLP**
919 Third Avenue
New York, New York 10002
By:    Adam P. Hartley, Esq.


**HURLEY, Senior District Judge:**

      Plaintiff Herbert Roy Zucker ("Zucker" or "Plaintiff") commenced this action against

HSBC Bank, USA, National Association ("HSBC"), PHH Mortgage Corporation ("PPH")

(collectively "Defendants") and the Nassau County Recorder of Deeds asserting, inter alia, a claim pursuant to Article 15 of the N.Y. Real Property Actions and Proceedings Law ("RPAPL") to cancel and strike a mortgage recorded on or about May 24, 2006 for property located at Beechwood Manor Old Tappan Road, Glen Cove, N.Y. ( the "Property) asserting the underlying debt is time-barred. By Order dated May 12, 2018, the Court granted Defendant's motion to dismiss on the ground that the Loan and Mortgage Modification Agreement dated August 19, 2013 (the "LMMA") signed by Plaintiff constituted an acknowledgment of the debt and restarted the statute of limitations.

Presently before the Court is Plaintiff's motion for reconsideration. For the reasons set forth below, the Court adheres to its original determination.

## BACKGROUND

The background of this matter is set forth in the Court's May 12, 2018 Order, familiarity with which is presumed. Briefly stated, in 2006 Plaintiff executed an delivered a mortgage on the Property in the amount of $2,300,000.00, which mortgage was assigned in 2009 to HSBC Mortgage Corp. ("Mortgage Corp."). The mortgage was then modified and as modified assigned to HSBC. On October 6, 2009, just prior to that assignment, Mortgage Corp instituted a foreclosure action in Supreme Court, Nassau County, accelerating the mortgage. In August 2013 the Nassau County court dismissed the foreclosure action and cancelled the notice of pendency. Also in August 2013, Plaintiff received from HSBC a LLMA which he signed and returned. He never received an executed copy back from HSBC and it was never recorded. Although Plaintiff attempted to make the first three payments under the LMMA, they were never negotiated. When he called to inquire about their status, he was told his loan was in default and there was no record

of a modification agreement. According to the amended complaint, Plaintiff continued to receive documentation from HSBC which claimed that the loan was due for the original default.

In its motion to dismiss, HSBC argued principally that the debt is not time barred because (1) the loan was de-accelerated by the execution of the LMMA and/or HSBC's voluntary discontinuance of the foreclosure action; and/or (2) the LMMA revived the statute of limitations. Plaintiff responded that defendants have not established that the loan was de-accelerated. First, whether or not a voluntary discontinuance of a foreclosure action constitutes a de-acceleration of the loan is a question of fact. Second, the LMMA was not recorded and Plaintiff never received a copy of it back from HSBC. Third, HSBC's actions after Plaintiff signed the LMMA were inconsistent with de-acceleration.

In its May 12, 2018 Order, the Court rejected, at the motion to dismiss stage, the arguments that a revocation of the acceleration of the debt was effectuated by either the dismissal of the foreclosure action or the LMMA. However, a review of the LMMA revealed that it restarted the statute of limitations on the mortgage debt. Under its express terms, Plaintiff recognized the existing mortgage debt and promised to pay it. The promise to pay was in writing and signed by Plaintiff, and conditioned only the dismissal of the foreclosure action and cancellation of the lis pendens, which conditions were met. It is this holding that is the subject of the current motion.

**DISCUSSION**

Originally brought pursuant to Rule 60 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff now relies upon Rule 54(b).

Under Federal Rule of Civil Procedure 54(b), as well as its inherent power a court may "reconsider a prior decision at any time before entry of final judgment." *Smith v. Town of*

*Hempstead Dept. of Sanitation Sanitary Dist. No. 2*, 982 F. Supp. 2d 225, 230 (E.D.N.Y. 2013) (internal quotation marks omitted). Federal Rule of Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities." Fed. R. Civ. P. 54(b). In this District, motions for reconsideration are governed by Local Civil Rule 6.3. That rule requires that motions for reconsideration or reargument "of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ." However, a court retains discretion to consider a motion for reconsideration notwithstanding movant's failure to comply with the Local Rules' time requirement. *See Smith*, 982 F. Supp. 2d at 230.

      The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl.*

*Airways, Ltd. v. National Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co*., 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision.

Assuming arguendo that the Court should exercise its discretion to waive the time limit for reconsideration, Plaintiff's arguments for reconsideration are without merit as discussed below.

In support its motion, Plaintiff cites the case of *McQueen v. Bank of New York*, 57 Misc.3d 481, 484-85, 56 N.Y.S.3d 811 (Sup. Ct., Kings County). According to Plaintiff, the court in *McQueen* "considered a similar fact-pattern and found that a homeowners [sic] request for a modification which is rejected by a lender is akin to an offer of settlement which does not necessarily acknowledge liability, but may be offered for many reasons." That court, according to Plaintiff, "found the essential difference between unconditional acknowledgement that would suffice to revive an expired statute of limitations . . . and something which is offered in contemplation of settlement of litigation is whether the parties require negotiation to resolve the debt." (DE 31 at 2.)

*McQueen* provides no basis for reconsideration. Firstly, McQueen was decided eleven months before this Court issued its decision. Moreover, this Court considered and rejected similar authority in its May 12, 2018 Order as the following excerpt therefrom demonstrates:

> The cases Plaintiff relies on are inapposite. For example, in *Costa v. Deutsche Bank Nat'l Trust Co.*, 247 F. Supp. 3d 229 (S.D.N.Y. 2017) the question was whether the mortgagor's submission of *applications* for loan modification was an acknowledgement of the debt. That court held that the applications did not unconditionally acknowledge an intent to pay but was merely an implied offer of settlement. In *Callahan v. Credit Suisse (USA), Inc.*, the court recognized that "[u]nder § 17–101, the statute of limitations could be tolled or restarted if [the defendants] unconditionally acknowledged an intent to pay amounts due," but held that the defendants' proposed separation agreement there did not "unconditionally acknowledge" such intent because it was "clearly conditioned on [the plaintiff's] acceptance." 2011 WL 4001001, at *7 (S.D.N.Y. Aug. 18, 2011); *see also Sitkiewicz v. Cty. of Sullivan*, 256 A.D.2d 884, 681 N.Y.S.2d 677, 678–79 (3d Dep't 1998) (holding that an "offer letter was not an unconditional promise to pay a sum certain" in satisfaction of § 17–101 because it did not acknowledge the debt but "merely made an offer of settlement which [the] plaintiff never accepted").
> Here, in contrast, there is a document signed by Plaintiff acknowledging the amount of the debt and promising to pay it conditioned only on dismissal of the foreclosure action and lis pendens, which condition was met. Absent from the LMMA is a requirement that it be signed by the lender and a copy returned to Plaintiff.

May 12, 2018 Order at 16.

Unlike in *McQueen*, here was not a mere application for a modification. A review of the LMMA reveals that all terms were set forth therein. HSBC's sending of the LMMA to Plaintiff constituted an offer which Plaintiff accepted when he signed the LMMA. No further negotiation was needed to resolve the debt and the LMMA meets the requirements of N.Y. Gen'l Obligations Law § 17-101 to restart the statute of limitations.

Plaintiff also proffers a letter dated May 23, 2018 as "new evidence" which he asserts establishes that "HSBC never accepted Plaintiff's offer to modify the loan. The letter does not constitute "new" evidence. Plaintiff alleged in the amended complaint that HSBC acted

inconsistently with revocation of the acceleration of the debt and at best the referenced letter supports that assertion. However, the Court did not dismiss Plaintiff's claim on the basis that the LMMA constituted a revocation of the acceleration. See May 12, 2018 at 15 ("Plaintiff alleges conduct by HSBC subsequent to the LMMA that is inconsistent with revocation. Accordingly dismissal of the RPAPL claim on the basis that acceleration was revoked is not appropriate at this juncture.") Rather, the LMMA sent by HSBC to Plaintiff was complete in its terms and constituted an offer which Plaintiff accepted by signing and returning and in the course of which he acknowledged the debt, restarting the statute of limitations.

## CONCLUSION

The Court adheres to its original ruling that the LMMA constituted an acknowledgement of the debt and restarted the statute of limitations, thus warranting dismissal of plaintiff's cause for a declaration that the note and mortgage are unenforceable as time-barred.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　　　 s/ Denis R. Hurley
　　　　October 4, 2018  　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge