UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HERBERT ROY ZUCKER

                              Plaintiff,

    -against-

HSBC BANK, USA, PHH MORTGAGE
CORPORATION, and NASSAU COUNTY
RECORDER OF DEEDS,

                             Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-2192 (DRH) (SIL)

**APPEARANCES:**

**For Plaintiffs:**

**The Law Offices of Christopher Thompson**
33 Davison Lane East
West Islip, New York 11795
By:    Christopher Thompson, Esq.

**For Defendants HSBC Bank USA National Association:**

**Phillips Lytle LLP**
340 Madison Avenue, 17th Floor
New York, New York 10173
By:    Preston L. Zarlock, Esq.
         Richard Weingarten, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Herbert Roy Zucker ("Zucker" or "Plaintiff") commenced this action against HSBC Bank, USA, National Association ("HSBC"), PHH Mortgage Corporation ("PPH") and the Nassau County Recorder of Deeds. As filed, the amended complaint asserts the following causes of action as against HSBC (1) a claim pursuant to Article 15 of the N.Y. Real Property Actions and Proceedings Law ("RPAPL") to cancel and strike a mortgage recorded on or May 24, 2006 for property located at Beechwood Manor Old Tappan Road, Glen Cove, N.Y. ( the

"Property); (2) a claim for an accounting; (3) a claim for attorney's fees; (4) a claim for punitive damages; and (5) violations of "TILA, RESPA, and the Frank Dodd Act." By Order dated May 2, 2018, the Court, inter alia, dismissed the causes of action asserting (1) the note and mortgage should be declared unenforceable pursuant to the RPAPL as barred by the statute of limitations, and (2) violations of TILA, RESPA, and Dodd Frank.[1]

Presently before the Court, is the motion of HSBC for judgment on the pleadings of the remaining causes of action asserted against it, to wit, an accounting (eighth cause of action), punitive damages (ninth cause of action) and attorneys' fees (eleventh). For the reasons set forth below, the motion is granted.

## BACKGROUND

### I.   The Amended Complaint

As the instant motion involves only the claims against HSBC, the following allegations, taken from the amended complaint and presumed true for purposes of this motion, are limited to those involving HSBC.

### A.  The Mortgage

On April 27, 2006, Plaintiff executed and delivered a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. as nominee for HSBC Mortgage Corp. ("Mortgage Corp.") in the amount of $2,300,000.00. The mortgage was recorded in Nassau County. The mortgage was assigned to Mortgage Corp., which assignment was recorded on November 9, 2009. The mortgage was modified by a modification agreement recorded on November 18, 2009. The mortgage, as modified, was assigned to HSBC by assignment recorded

---

[1] The May 2, 2018 Order also dismissed a number of claims asserted against PPH.

on October 7, 2011. Neither HSBC nor PHH notified Plaintiff of a transfer in ownership and/or servicing of the Loan (Comp. ¶¶ 9-12, 19.)

### B. The Foreclosure Proceedings

On October 6, 2009, HSBC filed a summons and complaint under Index No. 20370/2009 in Supreme Court, Nassau County against Zucker and accelerated the entire amounts due on the mortgage. In August 2013, the Nassau County Court dismissed the foreclosure action and cancelled the notice of pendency. No other foreclosure action was commenced by HSBC following that dismissal.

Plaintiff, owner of the Property, was given a Loan and Mortgage Modification Agreement dated August 19, 2013 (the "LMMA"). Although he signed the LMMA, Plaintiff never received an executed copy back from HSBC and it was never recorded. Plaintiff "attempted to make the first three payments under the [LMMA]," but they were "never negotiated" and when he called to inquire about their status he was told, "his loan was in default, that there was no record of a modification agreement and that any partial payments would be rejected." Moreover, Plaintiff continued to receive documentation from HSBC, which claimed that the loan was due for the original default.[2] It is claimed that these actions and correspondence evidence that the modification was never approved and the loan was never decelerated.

## DISCUSSION

### I. Applicable Standards

#### A. Motion for Judgment on the Pleadings

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Karedes v.*

---

[2] The Court presumes that the attempts to make payments and the calls to HSBC were made by Plaintiff although the amended complaint states "Defendant" took these actions.

*Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

     First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions.  Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.  *See Twombly*, 550 U.S. at 555.

     Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007).  Determining whether a complaint plausibly states a claim for relief is "a context specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

## II.   The Claim for an Accounting

Incorporating the factual allegations set forth earlier herein, the claim for an accounting as against HSBC asserts that (1) a demand for an accounting of all financial transactions between it and Plaintiff was made; (2) HSBC owes a duty to inform Plaintiff of the status of any funds transacted between them and (3) HSBC has failed and refused to disclose to Plaintiff the status of any funds transacted between them. (AC ¶¶ 126-129.)

"Under New York law, a plaintiff seeking an accounting, which is an equitable remedy, must allege both a fiduciary relationship between plaintiff and the defendant and a breach of that duty by the defendant." *Soley v.* Wasserman, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (internal quotation marks omitted); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 49 (2d Cir. 1996) (affirming district court's rejection of claim for accounting under New York law as plaintiffs did not allege that defendant was their agent or fiduciary.)

Here, the amended complaint fails to allege a fiduciary relationship and how that duty was breached. Plaintiff's argument that as escrowee of property taxes and insurance payments

HSBC owes him a fiduciary duty (see Pl.'s Opp. Mem. at 1-5) is untethered to any allegations contained in the amended complaint. Facts and allegations raised for the first time in opposition papers are not properly considered on a motion to dismiss or, by extension, on a motion for judgment on the pleadings. *See Colliton v. Bunt*, 709 F. App'x 82, 83 (2d Cir. Jan. 16, 2018) (["G]enerally, courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss.") (citing *Faulkner v. Beer*, 463 F.3d 130, 135 n.1 (2d Cir. 2006).; *McKenna v. Di Napoli*, 2016 WL 7413490, at 5 n.6 (E.D.N.Y. Dec. 22, 2016) (declining to consider plaintiff's argument in opposition to a motion to dismiss because the "supporting allegations are not contained in the complaint; they are contained in a declaration of counsel and exhibits thereto [, and c]onsideration of these materials is inappropriate.").

Even if the Court were to construe the claim for an accounting as asserting breach of a fiduciary duty, that claim fails. First, Plaintiff points to no specific language in the mortgage documents that would create a fiduciary duty. *See Hourano v. Wells Fargo Bank, N.A.,* 158 F. Supp. 3d 142, 148 (E.D.N.Y. 2016) (under New York law the ordinary relationship between a creditor and debtor does not impose a fiduciary duty on the creditor; there must be "specific contractual language to circumstances to the contrary").  Second, as HSBC correctly asserts the conduct establishing a breach, to wit, rejection of his payments, is unrelated to the claimed fiduciary duty as escrow agent. (HSBC Rep. at 6.)

The motion is granted as to the claim for an accounting.

### III.    The Claims for Punitive Damages  and Attorney's Fees

The claims for punitive damages and attorney's fee are based on "the actions and inactions of HSBC" as alleged in the Amended Complaint. (AC ¶¶ 130-131, 134-135.)

There are, however, no substantive claims remaining against HSBC and a substantive claim is a prerequisite to a claim for punitive damages. *See, e.g. Beare v. Millington*, 2014 WL 1236750, *9 (E.D.N.Y. Mar. 25, 2014) (dismissing claim for punitive damages as summary judgment was granted on all of plaintiff's claims and New York does not recognize a separate cause of action for punitive damages); *Rocanova v. Equitable Life Assur.Soc'y of the U.S.*, 83 N.Y.2d 603, 616 (1994) ("A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action . . . .") (citing, *inter alia*, *Hubbell v. Trans* World Life Ins. Co., 50 N.Y.2d 899, 901 (1980) ("absent a valid claim for compensatory damages, there could be none for punitive damages")). Accordingly, the punitive damages claim as against HSBC is dismissed.

Similarly, "[i]n New York, the issue of attorney's fees is not a proper subject for an independent cause of action . . . ." *Merit Group LLCv. Sint Maarten Intern. Telecomm. Serv., NV*, 2009 WL 3053739, *3 (S.D.N.Y. Sept. 24, 2009) (internal quotation marks omitted.) Plaintiff's argument that N.Y. Real Property Law § 282 provides a basis for his recovery of attorney's fees is meritless. According to Plaintiff, he has a valid claim for attorney's fees under that section because he has "alleged that HSBC breached its agreement with him by failing to properly accept payments." (Pl.'s Mem. in Opp. at 5.) However, the amended complaint does not contain any claim for breach of contract.[3] Accordingly, the claim against HSBC for attorney's fees is dismissed.

---

[3] The Court notes that the amended complaint does allege that his payment under the Loan and Mortgage Modification Agreement were not negotiated but only as part of his claim that the loan was never deaccelerated and thus time-barred.

## CONCLUSION

For the reason set forth above, Defendant HSBC's motion for judgment on the pleadings is granted.

**SO ORDERED.**

Dated: Central Islip, New York       s/ Denis R. Hurley
        June 27, 2018                      Denis R. Hurley
                                                 United States District Judge